FILED

2005 Mar-25  AM 08:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR BARRY COHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 03-LSC-RRA-3233-S |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Arthur Barry Cohen, hereinafter referred to as plaintiff, is proceeding *pro se* in this civil action filed pursuant to the Federal Tort Claims Act. (FTCA). 28 U.S.C. § 2674.  Plaintiff contends defendant is liable to him for the destruction and loss of computer equipment.  Plaintiff demands monetary damages.

The magistrate judge entered an Order for Special Report (doc. 5) directing that copies of the complaint in this action be forwarded to defendant and requesting that a special report be filed addressing the factual allegations of plaintiff's complaint.  Defendant was advised that the special report could be submitted under oath or accompanied by affidavits and, if appropriate, would be considered as a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure.  By the same Order, plaintiff was advised that after he received a copy of the special report submitted by defendant he should file counter affidavits if he wished to rebut the matters presented by defendant in the special report.  Plaintiff was further advised that such affidavits should be filed within twenty days after receiving a copy of defendant's special report.

Plaintiff filed his own initial disclosures (doc. 6) and a motion in opposition (doc. 11) to defendant's request to file a partial special report, which was denied.[1]  Defendant filed a partial special report (doc. 14) accompanied by affidavits and pertinent documents.  Plaintiff was thereafter notified that he would have twenty days to respond to the motion for summary judgment, filing affidavits or other material if he chose.  Plaintiff was advised of the consequences of any default or failure to comply with FED. R. CIV. P. 56.  *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985).  Doc. 15.  Plaintiff filed a response.  Doc. 17.  However, the response was not submitted under oath or penalty of perjury, so any factual allegations contained therein shall not be considered.

## SUMMARY JUDGMENT STANDARD

In considering a motion for summary judgment, the court must determine whether the moving party is entitled to judgment as a matter of law.  Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law.  *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).  Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential

---

[1]  Plaintiff's motion to deny defendant's motion to submit a partial special report contains factual allegations, but is not submitted under oath or penalty of perjury.

element of his claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989).  Unless plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990), *cert. denied*, 498 U.S. 1103 (1991).  As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case.  "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial."  Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof.  This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Bennett v. Parker*, 898 F.2d at 1532 (citation omitted).  However, any "specific facts" pled in a *pro se* plaintiff's sworn complaint must be considered in opposition to summary judgment.  *See Perry v. Thompson*, 786 F.2d 1093 (11th Cir. 1986).


## FACTUAL ALLEGATIONS

The following relevant factual allegations are undisputed, or if disputed, taken in a light most favorable to plaintiff.

[P]laintiff was arrested in November of 1999, indicted on December 2, 1999, and ultimately agreed to plead guilty to 3 counts of activities in regard to material constituting child pornography and 1 count of forfeiture of property[2]. . . . [Plaintiff]

_____

[2] *See* Exhibits 1, 2 & 3 respectively to Doc. 14 for copies of the docket sheet of <u>USA v. Arthur Barry Cohen</u>, an Indictment dated December 2, 1999, and the January 20, 2000 Plea Agreement and Conditions.

3

pled guilty to the indictment on March 9, 2000, for which he received a custodial sentence[3]. . . . In addition to the custodial sentence, [plaintiff] was ordered to forfeit[4] to the United States a "[d]esktop central processing unit-Hewlett Packard with Zip Drive with CD writer", a "Microsoft keyboard", and an "IOMEGA zip-drive[.]"

Doc. 14, at 3.

On December 6, 2000, plaintiff, then a federal inmate,  filed a Motion for Return of Property in *USA v. Cohen* pursuant to Rule 41(e) of the *Fed.R.Crim.P.*, "in which he sought the return of property which he contended was not involved in his criminal activity and which had not been previously returned by the FBI."  Doc. 14, at 4, and Exhibit 6.   In the motion, plaintiff alleged that

the property to be returned includes various computer discs (ZIP discs, 5 ½" discs, 3 ½" discs, CD ROM discs, both CDW [write only] and CDWR [read and write]). . . . These computer discs contain such information as the backups for his Quicken personal financial software and address book, as well as . . . Microsoft Office 2000 and LOTUS 99.

*Id*. at 1.  In an attachment to the motion, plaintiff clarified that out of 161 discs taken from him, 132 had been returned to him, leaving 29 discs unaccounted for.[5]

On December 11, 2000, the government was ordered to respond to plaintiff's motion. Doc. 14, at 4, and Exhibit 7.  On December 21, 2000, a response was filed in which the government asserted:

---

[3]  *See* Exhibit 4 to Doc. 14 for a copy of the March 9, 2000, guilty plea and judgment.

[4]  *See* Exhibits 4, 5, and 9 to Doc. 14 respectively for copies of the March 9, 2000, judgment of guilt and forfeiture order, the October 19, 2000, Preliminary Order of Forfeiture, and the January 3, 2001, Final Order of Forfeiture.

[5]   *Id.* at Exhibit 6, p. 3.  *See also* Exhibit 18, at 1,2 & 4, which consists of three pages of computer equipment and accessories released from the FBI to plaintiff's lawyer on June 29, 2000, and November 8, 2000.  A fourth page of computer material released is also attached, but same is undated.  *Id.* at 3.

4

> The FBI has advised undersigned counsel [the prosecutor] that all property taken from the defendant, other than items which contain at least some child pornography or items forfeited through the criminal forfeiture count in the indictment, has been returned to the defendant or his counsel.

*Id.* and Exhibit 8.

On December 27, 2000, the government filed "a motion for a final order of forfeiture of a desktop computer, an ADI monitor, a Microsoft keyboard, and an Iomega 'zip drive.'" *Id.* at 5, and Exhibit 9. On January 3, 2001, a Final Order of Forfeiture was entered as to the aforementioned property, and a second order ruled that plaintiff's motion for return of property was moot. *Id.*, and Exhibits 10 & 11.

On March 1, 2001, plaintiff filed a second motion for return of property, containing the same allegations at the first, which denied on the same date. *Id.* and Exhibit 12 & 13. On June 5, 2002, plaintiff filed a third motion for return of property, containing the same allegations as the first and second motions, and the court ordered the government to respond to same. *Id.* at 5-6, and Exhibits 14 & 15. The government again responded that it had returned all property to plaintiff to which plaintiff was entitled, that it had destroyed all property containing child pornography, and that it had no property of plaintiff in its possession. *Id.* at 6, and Exhibit 16. On October 1, 2002, the court again denied plaintiff's motion for return of the property as moot. *Id.* at 6, and Exhibits 17.

On May 7, 2003, plaintiff wrote a letter to the FBI office in Birmingham, Alabama, in which he revealed that he had been released on March 7, 2003, after serving 40 months in the federal penitentiary. Plaintiff's initial disclosures, Doc. 6, at 21. He also asserts that property seized from him was returned

> in two sections . . . . with the exception of my 1999 Model Central Processing Unit and external Iomega Zip Drive and keyboard and mouse. These items, separately

5

listed, were returned almost two years after my sentencing.[6]  They were part and parcel of my Fourth Count.  I was rather surprised that these items were returned.  All were stored by my brother in law and attorney, Leonard Lubin in South Pasadena, FL. after T. Massey Relfe, Jr., received them back from your offices and shipped them (all the computer materials) to him.

*Id.* at 21-22.

Plaintiff then goes on to complain about the manner in which the items were handled, contending that the hard drive in his computer had been "wiped clean[,]" the boot sector destroyed, and the motherboard "'attacked' with a screwdriver."  *Id.*  Further, plaintiff is incensed that items containing legal adult pornography were destroyed or confiscated, and the following program disks were not returned: "Mult-Mate 2 sets 1 on 31/2" discs and 1 on 5" discs, Windows 98 31/2" discs; Windows 98 SE CD disk; Excel 2000 CD Disk; Microsoft Office Suite 2000 1 CD Disk and Microsoft Word 1 CD Disk."  *Id.* at 23.

In a separate letter to the FBI on May 10, 2003, plaintiff clarifies that his computer repair technician assured him that the hard drive in his computer was "dropped off a table and that is the reason it is inoperable.  The program diskettes that I detailed to you, in my last letter, that were destroyed by your technicians, are all on that hard drive."  *Id.* at 20.  In response to plaintiff's letter, on May 15, 2003, Craig Dahle, Chief Division Counsel for the FBI office, sent plaintiff a Standard Form 95 in the event plaintiff desired to file a claim.  *Id.* at 19.

On May 25, 2003, plaintiff filed an "administrative Claim for Damage, Injury, or Death under the Federal Tort Claims Act" in which he sought the sum of $3935.90 for the loss of destruction of the computer and property in question."  Doc. 14, at 6, and Plaintiff's complaint, Doc. 1, at 9-14.

---

[6]  The government admits it returned these forfeited items "in early 2002."  Doc. 14, at 8, n. 6.

In his claim, plaintiff alleged that on "November 5, 1999[,] . . . FBI agents seized property as part of my arrest and interrogation.  Agents or technical service personnel destroyed and/or removed said property.  CPU was replaced ."   Plaintiff's complaint, Doc. 1, at 9 .  Plaintiff attached a lengthy list of items to be replaced, which consisted of the discs about which he had complained in his Rule 41(e) motions, the damaged computer which he forfeited but which had been returned, and other items not previously mentioned.  *Id.* at 11-12.  Plaintiff demanded $3935.90 in monetary damages.  *Id.* at 12.   On June 6, 2003, Craig Dahle acknowledged receiving plaintiff's Standard Form 95.  Plaintiff's initial disclosures, Doc. 6, at 17).

On August 27, 2003, defendant sent a letter denying any liability for plaintiff's claims to plaintiff.  (Doc. 14, at 4, and ( Plaintiff's complaint, Doc. 1, at 7.

The plaintiff filed the present complaint on December 4, 2003.

## DISCUSSION

Defendant United States of America contends plaintiff's complaint is due to be dismissed because: (1) the statute of limitations for filing a FTCA claim has expired,  (2) this court lacks subject matter jurisdiction "(as the United States has not waived its sovereign immunity for the claim(s) assert by the plaintiff, see 28 U.S.C. 2680)", and (3) plaintiff has failed to state a claim upon which relief may be granted.   Doc. 14, at 1.  Plaintiff argues to the contrary.

### Statute of Limitations

Defendant correctly argues that the FTCA mandates that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues.  Doc. 14, at 7  *quoting* 28 U.S.C. 2401(b).  Defendant

also correctly contends that the "filing of an administrative claim within two years of accrual of a cause of action is a jurisdictional prerequisite to filing suit under the FTCA."  Doc. 14, at 8, *citing Suarez v. United States*, 22 F.3d 1064, 1067 (11th Cir. 1994).

With this in mind, defendant argues that plaintiff, in his administrative claim form, listed the date of the loss or destruction of his computer equipment as November 5, 1999.   Defense counsel also argues that the government, in its December 21, 2000 response to plaintiff's Rule 41(e) motion for return of property, which is a matter of public record, informed plaintiff that all property taken from him, with the exception of property containing some child pornography and property voluntarily forfeited by plaintiff, had been returned to him.   *Id.* at 8, and Exhibit 8.  Finally, while the government concedes that in early 2002, it returned the property voluntarily forfeited by plaintiff to his lawyer, it argues that plaintiff had no legal ownership of the property, and therefore has no standing to sue the government for what is essentially a gift to him by the government.  *Id.* at 8, n. 6.

Based upon the foregoing, defendant argues that, at the latest, the applicable statute of limitations demanded plaintiff file his claims as to the unforfeited, but allegedly destroyed or unreturned computer equipment, no later than December 21, 2002. *Id.* at 9.  Defendant declares that plaintiff's May 7, 2003, letter to the FBI represents his first claim that the FBI had confiscated or damaged his property, and the first time plaintiff attached a sum certain to his purported losses.  *Id.* and Plaintiff's initial response, Doc. 6, at 21-24.

Plaintiff's response to defendant's allegation that his claims are barred is to question why then, did the FBI send him claim forms to fill out and return in May 2003, and why did FBI counsel Craig Dahle acknowledge receipt of his completed form and notify plaintiff his claim was under

review. Doc. 17, at 3.  He then takes umbrage at the FBI's assertion that sending the claim form was tantamount to a court clerk sending a plaintiff a copy of a complaint form, and intimates that legal experts have informed him that there is no comparison between the two.  *Id.* at 4.  Finally, he contends that between the filing of his three (3) Rule 41(e) motions, and on the advice of FBI counsel, the May 26, 2003, filing of Standard Form 95, an error must have occurred either by the AUSA or FBI counsel, which this court is obligated to correct.  *Id.* at 5.

This court is unpersuaded by plaintiff's legally unsupported argument.  Construing the facts in a light most favorable to plaintiff, it is clear that he was made aware of the fact that the government had either lost or destroyed some of his unforfeited computer equipment by at least December 21, 2000.  Plaintiff failed to file an administrative claim, FTCA claim, or other civil action as to the property until May 6, 2003.  Thus, his claims regarding all unforfeited and unreturned computer equipment are due to be dismissed with prejudice because they are barred by the applicable statute of limitations.

Moreover, plaintiff provides no valid legal response to defendant's assertion that he has no standing to sue the government for damage to the computer equipment, including a computer he claims was damaged, to which he forfeited all legal rights as part of his guilty plea, but which was subsequently returned to him by the government.  Doc. 14, at 5.  The court does not accept plaintiff's conclusory assertion that the return of the forfeited property negated the court ordered forfeiture.

Plaintiff also contends, although the record and his own exhibits clearly show  the contrary, that when he pled guilty to the charges against him, he expected that all seized property, purportedly including the property forfeited, would be returned to him. Doc. #17, at 2.  In none of the court documents plaintiff filed prior to his release from prison did he demand the return of property

9

forfeited as a result of his conviction on Count IV of his indictment.  In fact, he expressed surprise

that this equipment had been returned to him in his May 6, 2003, letter to the FBI.

From his faulty assertion that the return of his forfeited property negated the final forfeiture

order, plaintiff next argues that the date of accrual for his cause of action as to the computer is Spring

2003, because he could not have reasonably discovered his computer was damaged until his release

from prison on March 7, 2003.  *Id.* at 5. Plaintiff contends that this delay, along with his

psychological problems, indigency, and inability to retain an attorney, constitutes extraordinary

circumstances such that the court should equitably toll the applicable statute of limitations as to the

forfeited and damaged materials.  *Id.* at 8-12.

Plaintiff does not dispute that the trial court ordered him to forfeit his computer and other

computer accessories pursuant to 18 U.S.C. § 2253(a)(3) in its March 20, 2000, final judgment of

guilt.  Exhibit 4 to Doc. 14, at 5.  Further, he does not dispute the trial court's final judgment

regarding the forfeiture of that property, entered January 3, 2001, in which is written,

> 1.  That the right, title and interest to all of the hereinafter described property,
> of the Defendant Arthur Barry Cohen is hereby condemned, forfeited and vested in
> the United States of America, and shall be disposed of according to law.
>
> 2.  That the following properties belonging to Defendant Arthur Barry
> Cohen, who is the subject of this Order, are hereby condemned and forfeited to the
> United States of America.  The properties forfeited herein, as identified in this
> Court's order of October 19, 2000, are as follows:
>
> (a) Desktop central processing unit-Hewlett Packard with Zip Drive with CD writer;
> (b) ADI monitor, Serial No.  90902ER30329127C;
> (c) Microsoft keyboard, Serial No.  KN9525012194;
> (d) Iomega zip drive, Serial No.  P4AW31C2MW.

Exhibit 10 to Doc. 14, at 2.

Pursuant to 18 U.S.C. § 2253(g) of the particular forfeiture law applicable to plaintiff's crime, which is peculiar to Sexual Exploitation Crimes, disposition of forfeited property is governed as follows:

> Following the seizure of property ordered forfeited under this section, the Attorney General shall destroy or retain for official use any article described in paragraph (1) of subsection (a), and shall retain for official use or direct the disposition of any property described in paragraph (2) or (3) of subsection (a) by sale or any other commercially feasibly means, making due provisions for the rights of innocent persons. Any property right or interest not exercisable by, or transferable to the United States shall expire and shall not revert to the defendant, nor shall the defendant or any person acting in concert with him or on his behalf be eligible to purchase forfeited property at any sale.

In plaintiff's case, once the court entered its Final Judgment of Guilt and Final Forfeiture Order, plaintiff no longer held any legal right or title to the property described in the Orders. The right to title and possession became vested in the United States Government. Further, by law and the court's order, the United States had no authority to give the property back to plaintiff, particularly when the statute is worded in mandatory terms that said property rights shall not revert back to the defendant. Thus, while plaintiff may physically possess the computer about which he complains, by federal law he holds no legal right or title to the property, and he certainly held no right or legal title to it after the trial court's Final Judgment of Guilt and Final Forfeiture Order. Because plaintiff was completely stripped of all rights and title to the property by order of court, and further is not allowed to have any right or title to said property under federal law, he has no standing to sue the defendant for any damages to the property which was erroneously returned to him. His assertion that the return of the property negated any forfeiture order is completely without merit.

11

**This court lacks subject matter jurisdiction pursuant to 26 U.S.C. § 2680(c)**.

In addition to arguing plaintiff's claims are barred by the statute of limitations and because plaintiff lacks standing, defendant contends that 28 U.S.C. § 2680(c), in its form prior to the 2000 revision, shows the FTCA waiver of sovereign immunity does not apply to "[a]ny claim arising in respect of assessment of collection of any tax or customs duty, or the detention of any goods, merchandise or other property by . . . any . . . law enforcement officer." Doc. 14, at 9.  Defendant also contends that there is no doubt that FBI agents and US Postal workers[7] should be considered law enforcement officers within the meaning of 28 U.S.C. § 2680(c), and that the Eleventh Circuit has interpreted it as such, at least as far as FBI agents, in *O'Ferrell v. United States*, 253 F.3d 1257, 1262 & 1270 (11th Cir. 2001).  Plaintiff argues that a Sixth Circuit case having a contrary conclusion as to FBI agents should control.  This court is unpersuaded by case law outside of the circuit and is bound by the law of this circuit.  Further, although the Eleventh Circuit has not decided the same issue with regard to postal inspectors, it is clear that the inspectors[8] carry much of the same law

---

[7]  In his unsworn objection to defendant's request to file a partial special report, plaintiff argued that the postal inspector, and FBI agents initiated the charges against him.  Doc. 11.

[8]  18 U.S.C.A. § 3061.  Investigative powers of Postal Service personnel.

(a) Subject to subsection (b) of this section, Postal Inspectors and other agents of the United States Postal Service designated by the Board of Governors to investigate criminal matters related to the Postal Service and the mails may–

(1) serve warrants and subpoenas issued under the authority of the United States;
(2) make arrests without warrant for offenses against the United States committed in their presence;
(3) make arrests without warrant for felonies cognizable under the laws of the United States if they have reasonable grounds to believe that the person to be arrested has committed or is committing such a felony;
(4) carry firearms; and
(5) make seizures of property as provided by law.

enforcement power as FBI agents, and should therefore be considered law enforcement for purposes of 28 U.S.C. § 2680(c).

Defendant recognizes that the post-2000 revision of the statute does waive "sovereign immunity for some forfeiture situations," but the revision only applies to forfeiture "proceeding[s] commenced on or after the date that is 120 days after April 25, 2000." *Id.* n. 9 *quoting* 28 U.S.C. 2680 at Historical and Statutory Notes (other citation omitted). Defendant then argues that the property seized, but not forfeited, was taken for evidentiary, not forfeiture purposes, so that the 2000 waiver of sovereign immunity as to that property is inapplicable. *Id.* at n. 9. As to the property forfeited, defendant argues that the court should consider Count 4 of the December 2, 1999 indictment, to be the commencement of forfeiture proceedings for purposes of 28 U.S.C. § 2680 (c), thus entitling defendant to the pre-2000 exemption of the waiver of sovereign immunity. *Id.* While the court is not convinced that the government's argument with regard to property seized but not forfeited is valid, that argument is irrelevant since any claims resulting therefrom are clearly barred by the applicable statute of limitations. With regard to the latter, certainly the November 1999 seizure of the forfeited property, along with the December 1999 indictment pertaining to same constitutes sufficient commencement of the forfeiture proceedings, and thus the government is entitled to sovereign immunity. Again, even assuming arguendo that immunity has been waived, plaintiff's claims with regard to the forfeited property are barred by the applicable statute of limitations and because plaintiff lacks standing to sue defendant.

---

## DECISION

Accordingly, for the reasons stated above, the court EXPRESSLY FINDS that there are no disputed genuine issues of material fact as to plaintiff's claims against defendant, and defendant is entitled to summary judgment as a matter of law.  Accordingly, defendant's motion for summary judgment is due to be GRANTED, and plaintiff's claims against defendant are due to be DISMISSED.  An appropriate order will be entered.

Done this 25th day of March 2005.


L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
105854

14